IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEROKEE MEDICAL SERVICES, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-946C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the plaintiff's complaint, defendant admits, denies, and alleges as follows:

INTRODUCTION

1. Admits the allegations contained in the first paragraph of the Introduction section of plaintiff’s complaint to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first paragraph of the Introduction section of plaintiff’s complaint.

2. Admits the allegations contained in the second paragraph of the Introduction section of plaintiff’s complaint to the extent supported by the e-mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second paragraph of the Introduction section of plaintiff’s complaint.

3. The allegations contained in the third paragraph of the Introduction section of plaintiff’s complaint constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## JURISDICTION

The allegations contained in the Jurisdiction section of plaintiff’s complaint constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## FACTUAL ALLEGATIONS

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in paragraph 3 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3. Avers that the referenced solicitation occurred on March 19, 2004.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegation contained in paragraph 5 to the extent supported by the task orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegation contained in paragraph 6 to the extent supported by the task order cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the task order cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 7.

8. Admits the start dates of the task orders referenced in paragraph 8 to the extent supported by the task orders cited, which are the best evidence of their contents; otherwise denies the allegations regarding the task order start dates contained in paragraph 8. Denies the remainder of the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits.

11. Admits the allegations contained in paragraph 11 to the extent supported by the e-mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegation contained in the first sentence of paragraph 12 that the Government told plaintiff that it would not seek Troop Care Status upon Task Order No. 2. Avers that the solicitation issued on March 19, 2004 provided that there would be no Troop Care Status for those contract line items ("CLINS") applicable to Task Order No. 2. The remainder of the allegations contained in the first sentence of paragraph 12 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 12 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 12 for lack of knowledge or

information sufficient to form a belief as to their truth.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 13. The allegations in the second, third, and fourth sentences of paragraph 13 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14. Avers that the contact modification cited was a bilateral modification.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in the first and second sentences of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in the third sentence of paragraph 16, that "CMS was unable to locate an individual that showed any interest in the position," for lack of knowledge or information sufficient to form a belief as to its truth. The remainder of the allegations contained in the third sentence of paragraph 16 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Admits the allegations contained in the first sentence of paragraph 17 to the extent supported by the task order cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third and fourth sentences of paragraph 17. Denies the allegations contained in the fifth and sixth sentences of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the seventh sentence of paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the e-mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. The allegations contained in paragraph 19 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 19, or to any relief whatsoever.

21. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7586
Fax: (202) 514-7969

November 29, 2005

Attorneys for Defendant