## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEROKEE MEDICAL SERVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-946C |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Plaintiff Cherokee Medical Services, LLC, by and through their undersigned attorneys, and the United States of America, by and through its attorneys, hereby file this Joint Motion for an Extension of Time to Complete Discovery.

1. Pursuant to this Court's Order on February 7, 2006, the deadline for both parties to complete all discovery in this matter is June 7, 2006.

2. Discovery has been ongoing to date, and both parties have provided written discovery responses to each other.

3. On May 9, 2006, Plaintiff noticed the depositions of Margaret Otto, John Pastino, James K. Butler, Sheila Darrell, Anita Puterbaugh, Keith Salzman, Eugene Smith, Joyce Nadeu, Rodney Stevenson, and Dan Shackelford in Washington, D.C. (*See* Group Exhibit 1, attached hereto).

4. On May 12, 2006, Plaintiff noticed the deposition of the defendant's 30(b)(6) representative. (*See* Plaintiff's Notice of Deposition of Defendant The United States of America, attached hereto as Exhibit 2).

5. On May 12, 2006, counsel for Defendant advised Plaintiff's counsel that three (3) of the witnesses whose depositions were noticed resided in Germany (including Otto), one was in Washington State (Salzman), and that four (4) were in San Antonio.

6. Defendant's counsel also noted that he would attempt to make all witnesses "reasonably available" to Plaintiff's counsel "in a timely manner."

7. Since then, the parties have been attempting to arrange a mutually convenient deposition schedule but have been unable to do so based on the prior commitments of both parties' counsels and the far-flung locations of the witnesses.

8. In addition, the parties have been discussing whether Plaintiff has the right to take the deposition of Defendant's 30(b)(6) witness in Washington, D.C. as noticed, which is Plaintiff's position, or if Plaintiff would be forced to take that deposition in Germany or via an international videoconference, which is Defendant's position. Plaintiff has communicated that it will surely be prejudiced if the deposition is not held in Washington, D.C. since the cost of traveling to Germany for deposition is prohibitive and taking Defendant's 30(b)(6) deposition by videoconference would be prejudicial to Plaintiff.

9. Based on these exceptional circumstances, the parties jointly request 60 days to work out these issues and complete discovery.

DATED: June 2, 2006

Respectfully submitted,
Cherokee Medical Services, LLC

By:_________/s/_____________
Steven D. Cundra (D.C. Bar No. 374074)
Hall, Estill, Hardwick, Gable, Golden &
Nelson, P.C.
1120 20th Street, N.W.
Suite 700, North Building

Washington, D.C. 20036
Telephone (202) 973-1200
Facsimile (202) 973-1212

Margaret A. Swimmer
Hall, Estill, Hardwick, Gable, Golden &
Nelson, P.C.
320 South Boston Avenue, Suite 400
Tulsa, OK 74103-3708
Telephone (918) 594-0400
Facsimile (918) 594-0505

**Attorneys for plaintiff,**
**Cherokee Medical Services, LLC**

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7586
Fax: (202) 514-7969

**June 2, 2006**

**Attorneys for Defendant**